IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOEL JONAS WHITE, §
        Petitioner, §
         §
V. §   Civil Action No. 4-16-CV-426-O
         §
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
        Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Joel Jonas White, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

In December 2013 in Tarrant County, Texas, Petitioner was charged in a two-count indictment with murder in the shooting death of Roderick Pass and with attempted capital murder for shooting at or in the direction of Christopher Dockery, a peace officer. SHR[1] 72, ECF No. 21-2. On December 15, 2014, pursuant to a plea agreement, Petitioner pleaded guilty to the offenses in the 396th District Court, Case No. 1347610, and was sentenced to 35 years' confinement on each count, the sentences to run concurrently. *Id.* at 74-86. Petitioner did not appeal his convictions but did challenge the convictions in a post-conviction state habeas-corpus application, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Id.* at

---

[1]"SHR" refers to the record of Petitioner's state habeas-corpus action in WR-84,688-01.

2-17 & Action Taken, ECF No. 21-1.

## II. ISSUES

In this federal petition, Petitioner raises three grounds for relief, in which he claims that (1) his plea was involuntary; (2) he received ineffective assistance of trial counsel; and (3) the state concealed exculpatory evidence. Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner properly exhausted his claims in state court and that the petition is neither untimely nor subject to the successive-petition bar. Resp't's Answer 4, ECF No. 20.

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)–(2). Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order,

typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* --- U.S. ---, 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

Under his first and second grounds, Petitioner claims that his guilty plea was involuntary because he was incompetent to stand trial and that his trial counsel was ineffective by failing to request a competency evaluation and to develop an insanity defense. Pet. 8 & Attached Mem. 1-2, ECF No. 1.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on an ineffective-assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland*, 466 U.S. at 687. In assessing the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster,* 563 U.S. 170, 189 (2011) (quoting *Strickland,* 466 U.S. at 690).

However, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith,* 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

As supporting facts and legal argument, Petitioner states (all spelling, grammatical, and punctuation errors are in the original):

> I was assessed for competency 12/20/13 by Dr. Norman and on 1/30/14 by Dr. Price. Both found me incompetent to stand trial and I was sent to the North Texas State Hospital. While at the hospital I was tested for competency by Dr. Michael Borynski and found incompetent. Also Dr. Turner and Dr. Gurkey both opined I was incompetent and would be unable to regain competency without medication on 4/29/14 with the 396th Court during a phone confrence on the state's motion to compel involuntary administration of court ordered medication. I was eventually found competent by a single psychiatrist at the hospital, however back in the Tarrant County jail in a different and non-therapeutic environment I began to decompensate. I was never tested for competency again even though several months had elapsed since being in the hospital. The records at North Texas State Hospital indicated I was caught "cheeking my medication and spit it out frequently. Dr. Borynski in her competency exam opined I would likely become medication non-compliant given the opportunity. When asked directly in open court if I was taking medication I said to my attorney "no ma'am". Then after looking at the hateful glances from the judge, my attorney and prosecutor I became terrified and shook my head up and down. I sent an unsworn decleration from Donald Harris who was present in the holding cell 12/15/14 and witnessed my behavior and the conversation between me and my attorney. It was sent to Tarrant County district clerk . . . via mail 10/5/15. I asked that it be given to Judge Gallagher as evidence. In the decleration Mr. Donald Harris discusses my unusual behavior. . . . It is well established a court cannot accept a guilty plea from an individual that is incompetent.

4

> . . .
>
> My attorney did not spend enough time conversing with me to determine if I was acting competent. Just because a person may have a basic factual understanding of the proceedings does not mean they have a rational understanding or that they are competent. Since I was previously deemed incompetent by 3 different doctors, when I raised the competency issue with my attorney. . ., she should have taken the matter seriously and requested Judge Gallagher order another competency evaluation just to be on the safe side. My attorney failed to fully investigate a defense of not guilty by reason of insanity. I displayed bizarre and psychotic behavior before, during and after the crime. I have a long history of serious mental illness dating back to 1991 and started treatment with child psychiatrist Dr. Jeff Wiley in Paducah, KY. I have been to psychiatric hospitals dozens of times for extended treatment both in Kentucky and Texas. My attorney failed to search for these records to attempt to develop a defense. I know the names and locations of all my previous psychiatrists and mental hospitals I was committed to. If you merely look at all the records from the Arlington Police Department, the interviews with Amanda Gail Vanston, interview notes and listen to the recorded conversations with the hostage negotiator and Pastor Stephen Broden it would be difficult for any reasonable fact finder to reach any other conclusion besides not guilty by reason of insanity.

Attached Mem. 1-2, ECF No. 1.

Petitioner's trial counsel, Hamida A. Abdal-Khallaq responded to the allegations as follows in an affidavit submitted in the state habeas proceeding:

> After being appointed to represent [Petitioner] in the above-referenced case, I visited him five (5) times to discuss his case and provide information to him to allow him to make an informed decision as to how he wanted to proceed with his case. During the pendency of this case, at my request based on my initial meeting with [Petitioner] and the recommendation of the MHMRTC Staff Psychiatrist, [Petitioner] was assessed for competency, found incompetent on December 20, 2013 and sent to N.T.S.H. While at N.T.S.H. we had a phone conference on April 29, 2014 with the Judge of the 396th, the D.A., myself, my client and personnel at the hospital for a hearing on the State's Motion to Compel Involuntary Administration of Court-Ordered Medication, which was granted.
>
> I received a letter dated June 2, 2014 stating that [Petitioner] was still incompetent but could regain competency in the foreseeable future with extended treatment. On August 22, 2015 I received a call from an N.T.S.H. staff person saying that [Petitioner] was stabilized on his medications and deemed competent. I had an extended discussion with this person regarding my client's state of mind. I received

an evaluation from the state hospital dated September 25, 2014 indicating that he had been evaluated and found competent to stand trial.

    During my meetings with my client in court in October of 2014 and in the jail in December of 2014, he indicated that he wanted to plea bargain his case and that he wanted 20 years TDC. I was simultaneously preparing for trial and trying to negotiate a plea offer with the D.A. per my client's request. The D.A. made an offer of 40 TDC. During my final jail visit with [Petitioner] on December 13, 2014, we discussed the pros and cons of all of his options, including his right to a jury trial, at length. The D.A. made a final offer of 35 which I discussed with my client. He indicated he would take 35 but wanted me to ask the D.A. for 25 which I attempted to get the day of the plea. [Petitioner] was not pleased that the D.A. would not go down from 35. He then said he felt he was not competent. I told him the Judge could order another competency exam. He said he wanted to go forth with his plea and we proceeded to do so. . . .

    Additionally, at every meeting with [Petitioner] after he returned from N. T. S. H. he appeared competent and was able to discuss the facts of his case with me and how he wished to dispose of it. He also indicated at our meetings that he was taking his medications as prescribed. . . .

SHR 36-38, doc. 21-2.

Based on the documentary record, counsel's affidavit, and his own recollection of the plea proceedings, including petitioner's testimony and demeanor in court, the state habeas judge entered the following relevant factual findings, which were later adopted by the Texas Court of Criminal Appeals:

    9.    [Petitioner] appeared competent to Hon. Abdal-Khallaq at all times after he was returned from N.T.S.H.

    10.    [Petitioner] was able to discuss the facts of the case with Hon. Abdal-Khallaq and explain how he wished to dispose of the case.

    11.    [Petitioner] told Hon. Abdal-Khallaq at their meetings leading up to the plea that he was taking his medications as prescribed.

    12.    This Court accepted [Petitioner]'s plea in open court.

    13.    Hon. Abdal-Khallaq confirmed in open court that she felt [Petitioner] was

competent.

14. [Petitioner] interacted with this Court, answered questions, and appeared competent at all times.

15. [Petitioner] testified he was taking his medication.

16. If [Petitioner] had acted incompetent in any way this Court would not have accepted his plea and would have ordered another competency exam.

17. [Petitioner] acknowledged by his signature that he was mentally competent.

18. [Petitioner] acknowledged by his signature that he understood the admonishments and was aware of the consequences of his plea.

19. There is no evidence that [Petitioner] was not competent at the time of his plea.

20. There is evidence that [Petitioner] had a sufficient present ability to consult with Hon. Abdal-Khallaq with a reasonable degree of rational understanding.

21. There is evidence that [Petitioner] had a rational and factual understanding of the court proceedings.

22. There is evidence that [Petitioner] was competent at the time of his plea.

23. There is no evidence to overcome the presumption that [Petitioner] was competent to plead guilty.

. . .

24. Hon. Abdal-Khallaq reviewed the evidence with [Petitioner], discussed the facts of this case, and advised [Petitioner] of his options as to how to proceed in this case.

25. [Petitioner] indicated to Hon. Abdal-Khallaq that he wanted to plea bargain this case.

26. Hon. Abdal-Khallaq attempted to negotiate a plea offer of twenty years but the State would not offer less than thirty-five.

27. [Petitioner] testified that thirty-five years was "very fair."

28. [Petitioner] testified that he was satisfied with Hon. Abdal-Khallaq's representation.

. . .

30. There is no evidence that [Petitioner] was not at full capacity when he pled guilty.

31. There is no evidence that Hon. Abdal-Khallaq denied [Petitioner] his right to plead not guilty.

32. Hon. Abdal-Khallaq advised [Petitioner] that she could request that the judge order another competency examination but [Petitioner] declined.

33. Hon. Abdal-Khallaq properly advised [Petitioner] regarding his options on how to proceed.

. . .

35. Hon. Abdal-Khallaq provided [Petitioner] with meaningful representation.

36. [Petitioner] told this Court that he wanted to plead guilty and accept the plea agreement.

37. Hon. Abdal-Khallaq's affidavit is credible and supported by the record.

38. There is no evidence that a reasonable likelihood exists that [Petitioner] would not have pled guilty and would have insisted on going to trial but for the alleged misconduct.

39. There is no evidence that a reasonable likelihood exists that the outcome of the proceeding would have been different but for the alleged misconduct.

*Id.* at 46-49 (record citations omitted).

As articulated by the United States Supreme Court, the test to determine a person's competency to stand trial is "whether he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960).

8

Texas has clearly adopted the same rule, but adds that a "defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006). Based on its factual findings, and applying state law in addition to *Strickland*'s attorney-performance standard, the state habeas court reached the following legal conclusions:

> 3. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.
>
> 4. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given.
>
> . . .
>
> 6. [Petitioner] has failed to prove that he did not have a sufficient present ability to consult with Hon. Abdal-Khallaq with a reasonable degree of rational understanding.
>
> 7. [Petitioner] has failed to prove that he did not have a rational and factual understanding of the court proceedings.
>
> 8. [Petitioner] has failed to overcome the presumption that he was competent to stand trial.
>
> . . .
>
> 10. [Petitioner] has failed to prove that counsel's advice fell below a range of competence demanded of attorneys in criminal cases.
>
> 11. [Petitioner] has failed to prove that he would not have pled guilty and would have insisted on going to trial but for the alleged errors.
>
> 12. [Petitioner] has failed to prove that his plea was involuntary due to ineffective assistance of counsel.
>
> 13. [Petitioner] has failed to overcome the presumption that his plea was regular.
>
> 14. [Petitioner]'s plea was freely, voluntarily, and knowingly made.

> . . .
>
> 21. [Petitioner] has failed to prove that he was not at full capacity.
>
> 22. [Petitioner] has failed to prove that counsel deprived [Petitioner] of his right to plead not guilty.
>
> 23. [Petitioner] has failed to prove that counsel refused to request another competency examination.
>
> 24. [Petitioner] has failed to prove that counsel advised him incorrectly or improperly.
>
> 25. Counsel provided [Petitioner] with meaningful representation.
>
> 26. [Petitioner] has failed to prove that his attorney's representation fell below an objective standard of reasonableness.
>
> . . .
>
> 29. [Petitioner] has failed to show that there is a reasonable probability that the result of the proceeding would have been different had counsel advised him differently.
>
> 30. [Petitioner] has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would be different.
>
> 31. [Petitioner] has failed to prove that he received ineffective assistance of trial counsel.

SHR 50-53, doc. 21-2 (citations omitted).

Petitioner presents no "clear and convincing evidence" in rebuttal. 28 U.S.C. § 2254(e)(1). Thus, this court must apply the presumption of correctness to the state courts' factual findings. Having done so, Petitioner's claims that he was incompetent at the time of the plea and that counsel was ineffective by failing to request another competency evaluation are groundless. Petitioner offers no medical or psychiatric records to refute the state courts' determination that he was competent to

10

enter his guilty plea. Instead, the record reflects that based on the trial court's and counsel's interaction with Petitioner, both the judge and counsel were under the opinion that Petitioner was medication-compliant, competent to enter his plea, understood all the circumstances concerning his plea, and wanted to proceed with his plea. Petitioner reinforced this belief by executing the written plea admonishments acknowledging that he was aware of the consequences of his plea and was mentally competent; that his plea was knowingly, freely, and voluntarily entered; and that counsel "provided fully effective and competent representation" and with his statements during the plea colloquy. SHR 63-67, 78-79, ECF No. 21-2. Petitioner's representations during the plea proceedings "carry a strong presumption of verity," and the official records, signed by Petitioner, his counsel, and the state trial judge are entitled to a presumption of regularity and are accorded great evidentiary value. *Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Webster v. Estelle,* 505 F.2d 926, 929-30 (5th Cir. 1974). The mere fact that Petitioner was on medication is insufficient to rebut the presumption that counsel adequately advised Petitioner and that Petitioner was competent to enter his plea and did so knowingly, freely and voluntarily with the understanding of the consequences. Petitioner fails to demonstrate objective facts known to the court or counsel which would have signaled a bona fide doubt as to his competency. His self-serving assertions, after the fact, are in and of themselves insufficient. *See Drinkard v. United States,* 302 F.3d 279, 284 (5th Cir. 2011) (giving statements during plea colloquy greater weight than "unsupported, after-the-fact, self-serving revisions"). *See also, e.g., Panuccio v. Kelly,* 927 F.2d 106, 109 (2d Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

Accordingly, applying the appropriate deference to the state courts' determination that Petitioner was competent to enter his plea; that his plea was freely, voluntarily, and knowingly made;

and that counsel did not allow Petitioner to plead guilty while incompetent, his claim that counsel was ineffective by failing to develop an insanity defense and his *Brady* claim under ground three were waived by the plea. *See Tollett v. Henderson,* 411 U.S. 258 , 267 (1973); *United States v. Bendicks,* 449 F.2d 313, 315 (5th Cir. 1971).

Petitioner requests an evidentiary hearing to develop a factual basis for one or more of his claims and/or his sanity at the time of the offense. Pet'r's Traverse 1-7, ECF No. 36. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). *See also Blue v. Thaler,* 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster,* the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state courts. Therefore, he is not entitled to an evidentiary hearing.

## VI. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §254 is DENIED. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 25th day of May, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**